**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| MICHAEL R. TUTTLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-CV-1426 |
| | ) | |
| SERV U SUCCESS, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on the Motion to Dismiss (d/e 11)

(Motion) Defendant Thrifty Retail Services, LLC d/b/a Serv-U-Success

(Thrifty).  The Motion is fully briefed, and pursuant to Local Rule 72.1, has

been referred for a Report and Recommendation.  Thrifty moves to dismiss

for insufficient service and for failure to state a claim.  Fed. R. Civ. P.

12(b)(4)-(b)(6).  After carefully considering all of the submissions of the

parties, and pursuant to 28 U.S.C. § 636(b)(1)(B), this Court recommends

that the Motion be ALLOWED in part.  Thrifty's request to dismiss for

insufficient service should be allowed in part, but the request to dismiss for

failure to state a claim should be denied.  The current service should be

quashed, but pro se Plaintiff Michael Tuttle should be given leave to file an

amended complaint naming Thrifty and IROL, Inc., f/k/a Serv-U-Success, Inc. (IROL), as Defendants; and to serve on these two Defendants.

STATEMENT OF FACTS

Tuttle was born on January 19, 1960.  Complaint (d/e 1), attached Charge of Discrimination.  He worked for IROL, then known as Serv-U-Success, Inc, beginning in March 2007.   Tuttle worked for IROL as a private label distributor at Meijer store No. 207 in Normal, Illinois.  Tuttle alleges that sales increased over thirty percent as soon as he took the job full time.  He alleges that his supervisor nicknamed him "Golden Boy". Tuttle was told he was a great role model and would be a supervisor one day.  Tuttle received a performance bonus as late as December 18, 2009. Tuttle alleges that IROL subjected him to efforts to force him to quit beginning in September 2008.  He was subjected to vague and dishonest writeups.  He was ultimately terminated on January 8, 2010.  He was replaced by a nineteen-year old unqualified employee.  Tuttle alleges he was fired because of his age, in violation of the Age Discrimination in Employment Act (ADEA).  Complaint, attached Statement Addressed to the District Court; see 29 U.S.C. § 623.

Tuttle filed this action pro se on December 28, 2010.  He named Serve-U-Success as the Defendant.  Complaint, at 4.  He initially did not serve a summons and the Complaint.  On April 28, 2011, the District Court

directed Tuttle to effect service.  Text Order entered April 28, 2011.  Tuttle

secured a summons dated May 4, 2011, addressed to:

> Serv U Success
> 4695 Helena Dr. SW
> Grandville, Michigan 49418-2514

Summons (d/e 3).  The Return of Service (d/e 5) was filed on July 7, 2011.

The process server Tom Palasek declared under penalty of perjury that he

served the Summons and Complaint on May 10, 2011, on "Manger" an

agent designated to accept service of process for "Serv U Success".   Id.

On July 12, 2011, Tuttle filed a Motion for Default Judgment (d/e 7)

because no response had been filed.  On July 25, 2011, Thrifty filed the

Motion.  As a result of the filing of the Motion, the Motion for Default

Judgment was denied as moot.  Text Order entered July 26, 2011.

Thrifty filed the affidavit of John Winters in support of the Motion.

Memorandum in Support of Motion to Dismiss (d/e 12), Exhibit 1, Affidavit

of John Winters (Winters Affidavit).  Winters states that he is Thrifty's

Treasurer.  He states that Thrifty bought the right to the name Serv-U-

Success from IROL on October 12, 2010.  He states that prior to the sale,

IROL was known as Serv-U-Success, Inc.  Winters Affidavit, ¶¶ 1-4.

Winters states that Thrifty has never employed Tuttle.

Winters also states that Thrifty was not served with the Summons or

Complaint.  He states that he was not served with a Summons and

Complaint.  Winters states that he asked all persons at Thrifty who would be authorized to accept service of process and none of them recall ever being served with the Summons and Complaint.  He states that he, "has been unable to locate any individual who might even appear to outsiders as a 'Manager' who has been personally served with a Summons and/or Complaint in this matter."  Id. ¶ 8.  Winters checked the mail records and determined that the Summons and Complaint was not received by mail.  Finally he determined that no one named "Manger" ever worked for Thrifty. Id.  ¶¶ 9-10.

Winters also attached copies of various documents publicly available through the State of Michigan website, www.michigan.gov.  These documents show that Thrifty is a limited liability company organized under the laws of Michigan.  Thrifty's resident agent for service of process is The Corporation Company, 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025.  Winters Affidavit, Exhibit B, Articles of Organization, Article IV.  The documents also state that Thrifty is operating under the assumed name of Serv-U-Success.  Winters Affidavit, Exhibit A, Certificate of Assumed Name.

The Court may take judicial notice of these types of public records and may independently search government web sites for such public records.  See Belleville Catering Co. v. Champaign Market Place, L.L.C.,

350 F.3d 691, 693 (7th Cir. 2003) ("[C]ounsel could have done what the court did: use the Internet" to research state corporation information). Those records show that a person named Harold Voorhees, Jr. is the resident agent and President of IROL, and John Winters is the Vice President and Treasurer of IROL. Annual Report of IROL, Inc., dated May 12, 2011, viewed on September 1, 2011 (a copy of which is attached to this Report and Recommendation). Voorhees' address is 4695 Helena, Grandville, Michigan 49418. Id. The records also show that Harold Voorhees, Jr. is also the President of Thrifty. Annual Statement of Thrifty Retail Services, LLC, dated January 6, 2011, viewed on September 1, 2011 (a copy of which is attached to this Report and Recommendation).

ANALYSIS

Thrifty moves to dismiss under Rule 12(b)(4) and (b)(5) for insufficient service of process and under Rule 12(b)(6) for failure to state a claim. The Court will address the challenge to service and then the sufficiency of the claim.

A.    Insufficient Service

Generally, a completed return of service is prima facie evidence of valid service which can only be overcome with strong and convincing evidence. Homer v. Jones-Bey, 415 F.3d 748, 752 (7th Cir. 2005). If the return, however, does not sufficiently identify the individual served, the

return of service may not establish a presumption of valid service.  Id. at 753-55.  Here, the return only states that the Summons and Complaint was served on "Manger" presumably a misspelling of "Manager."  Under the Homer decision, this return of service is insufficient to raise the presumption of valid service.  Winters' affidavit provides evidence that proper service was not effected.  Tuttle does not present any additional evidence on this issue.  The Court therefore finds that the service was not effected properly.

Thrifty also argues that service is improper because Thrifty is not the proper party.  The Court disagrees.  The records before the Court create an issue of fact regarding whether Thrifty may be liable as a successor to IROL.  Successor liability in employment discrimination cases is governed by principles developed under the National Labor Relations Act  rather than traditional common law rules.  E.E.O.C. v. G-K-G, Inc., 39 F.3d 740, 747-48 (7th Cir. 1994); Musikiwamba v. ESSI, Inc., 760 F.2d 740, 745-46 (7th Cir. 1985); E.E.O.C. v. MacMillan Bloedel Containers, Inc., 503 F.2d 1086, 1094 (7th Cir. 1974).  Successor liability attaches if the purchaser of the business had notice of the claim and if there is substantial continuity in the operation of the business before and after the sale.  EEOC v. G-K-G, Inc., 39 F.3d at 748.  Tuttle filed his Charge of Discrimination on March 29, 2010, well before the October 2010 purchase transaction between Thrifty

and IROL. Voorhees and Winters are the officers of both Thrifty and IROL, and so, presumably had notice of Tuttle's claim at the time of the October 2010 transaction. Thrifty further continues to operate under the same trade name that IROL previously used, "Serv-U-Success". The continuity of officers and the trade name of the business provides some basis to indicate a continuity of operations before and after the October 2010 transaction. These two factors certainly are not determinative, but at least create an issue of fact that would support Tuttle asserting a claim against Thrifty. The Court recommends giving Tuttle an opportunity to amend the Complaint to add Thrifty as a defendant and to then serve Thrifty and IROL properly on the respective resident agent.

Thrifty argues that Tuttle should not be given another opportunity to effect service because he did not even attempt service within 120 days of the filing of the Complaint as required by the Rules. Fed. R. Civ. P. 4(m). Thrifty argues that Tuttle should not be given even more time. The Court agrees that Tuttle was late in attempting service. Tuttle, however, is proceeding pro se. His filings show that he is not familiar with civil procedure. The Court in its discretion could dismiss the matter without prejudice, but Tuttle would then be barred by the ninety-day statute of limitations for filing. See id.; 29 U.S.C. § 626(e). Given Tuttle's lack of familiarity with the judicial process, the Court should not effectively bar his

claim at this time.  The Court, therefore, should give Tuttle another opportunity to effect service.[1]  Thrifty's request to dismiss for insufficient service should be allowed in part and denied in part.

B.      Failure to State a Claim

Thrifty also moves to dismiss for failure to state a claim.  Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper where a complaint fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6).  The Federal Rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief," and allegations must be "simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2) & (d)(1).  While a complaint need not contain detailed, specific factual allegations, it must contain sufficient facts to "state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is plausible if the plaintiff  "pleads factual content that

---

[1]Thrifty also argues that IROL did not employ Tuttle.  Thrifty asserts, without any evidentiary support, that Tuttle was employed by a company called Access Management LLC (Access).  Memorandum in Support of Motion to Dismiss (d/e 12), at 2.  Tuttle filed various documents in response to the Motion that refer to Access. Exhibits to Complaint (d/e 14 & 15).  Those documents indicate that IROL represented to the EEOC that it employed Tuttle.  See Exhibits to Complaint (d/e 14), at 9-10.  The Court refers to the pagination generated by the Court's CM/ECF system.  The documents further indicate that a company called Access Point Human Resources Services provided payroll and related tax and accounting functions to employers.  The employers retained day-to-day responsibility of the workplace.  Id. at 11.  These documents indicate that IROL was the employer, not Access.  Tuttle has not laid the proper foundation for submission of these documents.  Given the lack of competent evidence from either party, the Court does not consider Thrifty's argument regarding Access any further.

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). A claim is plausible on its face if it provides the defendant fair notice of what the claim is and the grounds upon which it rests. George v. Smith, 507 F.3d 605, 608 (7th Cir. 2007). Dismissal under Rule 12(b)(6) is appropriate when "the factual detail in a complaint [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." Airborne Beepers & Video, Inc. v. AT & T Mobility, LLC, 499 F.3d 663, 667 (7th Cir. 2007).

In this case, Tuttle states a claim. To state a claim for wrongful discharge in violation of the ADEA, Tuttle must allege either a direct or indirect prima facie case. Under the indirect method, Tuttle must allege: (1) he was in the protected class of employees forty years of age or older; (2) he was performing his job to the employer's legitimate expectations; (3) he was discharged; and (4) the employer hired a substantially younger person to replace him. Robin v. Espo Engineering Corp., 200 F.3d 1081, 1090 (7th Cir. 2000).[2] Tuttle alleged all these elements. He alleges that he was fifty years old when he was fired; he was performing the job well, and was even receiving performance bonuses shortly before his discharge; he

---

[2]In the alternative, to meet the fourth element, Tuttle may allege other evidence that indicates that his age was the reason for the discharge. Robin, 200 F.3d at 1090. In this case, Tuttle alleged he was replaced by a nineteen year old person.

was discharged; and IROL replaced him with a nineteen year old person. He states a claim.

Thrifty argues that Tuttle does not allege that he was performing his job to his employer's legitimate expectations because Tuttle alleges that he was subject to written discipline for his work performance. Tuttle alleges that the discipline was vague and dishonest. When read favorably to Tuttle, these allegations indicate that the written discipline was a sham designed to justify the illegal firing. Tuttle states a claim.

Thrifty also argues that Tuttle must allege that a similarly situated person not in the protected class was treated differently than him. Thrifty is incorrect. In an ADEA discharge case, the plaintiff need only allege that he was replaced by a substantially younger person. Robin, 200 F.3d at 1090. Tuttle has done so. Tuttle states a claim.

WHEREFORE, Defendant Thrifty Retail Services, LLC d/b/a Serv-U-Success's Motion to Dismiss (d/e 11) should be ALLOWED in part and DENIED in part. The service on Defendant Thrifty should be quashed, but pro se Plaintiff Michael R. Tuttle should be given leave to file an amended complaint naming Thrifty and IROL as defendants and to serve the resident agents of Thrifty and IROL, Harold Voorhees, Jr. and the Corporation Company. The Motion should otherwise be denied.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1).  Failure to file a timely objection will constitute a waiver of objections on appeal.  See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).  See Local Rule 72.2.


ENTER:    September 8, 2011



_s/ Byron G. Cudmore_
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE