## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL R. TUTTLE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 10-1426 |
| SERV-U-SUCCESS, | ) |
| Defendant. | ) |

**O R D E R**

On September 8, 2011, a Report & Recommendation was filed by Magistrate Judge Byron G. Cudmore in the above captioned case. Defendant has filed a timely "Objection," and this Order follows.

The relevant procedural history is sufficiently set forth in the comprehensive Report & Recommendation of the Magistrate Judge. Suffice it to say that Plaintiff has brought this litigation alleging that Defendant wrongfully terminated his employment in violation of the Age Discrimination in Employment Act ("ADEA"). Defendant moved to dismiss the Complaint, arguing that Plaintiff has failed to effect sufficient service or state a claim upon which relief could be granted.

In construing the allegations of a Complaint for purposes of addressing a motion to dismiss, the Court has a duty to construe the allegations in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Hishon v. King & Spalding*, 467 U.S. 69 (1984); *Lanigan v. Village of East Hazel Crest*, 110 F.3d 467 (7th Cir. 1997); *M.C.M.*

*Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.*, 62 F.3d 967, 969 (7th Cir. 1995); *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75 (7th Cir. 1992). It is this standard of review and deferential construction that is reflected in the factual background section of the Report & Recommendation. Defendant's "Objection" indicates that it objects to the extent that facts alleged in the Complaint are stated as conclusions in the Report & Recommendation. However, Defendant then states that to the extent that this section of the Report & Recommendation reflects the Court's understanding of Plaintiff's allegations, there is no objection Accordingly, based on Defendant's representations in its "Objection," the Court finds that there really is no substantive objection to the recommendations of the Magistrate Judge.

The Court concurs with the Magistrate Judge's detailed discussion and recommendation that the Motion to Dismiss be allowed with respect to the request to quash insufficient service and denied with respect to the argument that the Complaint fails to state a claim. Accordingly, the Court now adopts the Report & Recommendation [#16] of the Magistrate Judge in its entirety. Defendant's Motion to Dismiss [#11] is GRANTED IN PART and DENIED IN PART. Plaintiff is given leave to file an amended complaint naming both Thrifty Retail Services, LLC, and IROL and serve the resident agents of Thrifty and IROL within 30 days from the date of this Order. This matter is again REFERRED to Magistrate Judge Cudmore for further proceedings.

ENTERED this 22nd day of September, 2011.

    s/ James E. Shadid
    James E. Shadid
    United States District Judge