UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL R. TUTTLE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 10-1426 |
| SERV-U-SUCCESS, | ) ) ) |
| Defendant. | ) ) |

**O R D E R**

This matter is now before the Court on Defendants' Motion for Summary Judgment. For the reasons set forth below, the Motion for Summary Judgment [81] is GRANTED as to Defendant Voorhees, GRANTED as to Defendant Thrifty Retail Services, LLC, and DENIED in part as to Defendant IROL, Inc.

**BACKGROUND**

Plaintiff, Michael Tuttle ("Tuttle"), was 47 years old when he was hired by the professional employer organization Access Point, LLC on March 1, 2007, as a part-time merchandiser for the entity formerly known as Serve You Success, Inc. ("SUSI") He was assigned to and primarily responsible for the rotation and stocking of snack food at Meijer store #207 in Normal, Illinois. He was promoted to a full-time position as a sales representative, including base salary, commission, and benefits, on June 8, 2007; in this position, Tuttle was required to work a minimum of 35 hours per week. He was allowed to work flexible hours so that he could provide care for his children.

On September 21, 2009, Tuttle received a written warning advising him to maintain a minimum 35 hour work week. He received a second written warning again raising the issue of the minimum 35 hour work week requirement on November 17, 2009. Tuttle received his third written warning on December 14, 2009. He was told that because of his failure to work 35 hours a week while on flexible hours, he was going to have to work the standard schedule of a minimum of five and a half to six hours a day between the hours of 4:30 am and noon, Monday through Saturday. A final written warning in the form of a counseling form was given on December 18, 2009. The action plan set forth in the counseling form was for Tuttle to work Monday through Saturday, 4:00am until the job was done, for a minimum of 35 hours per week.

Plaintiff asked his supervisors, Justin Grabel and George Rubick, if he could work seven days per week in order to work less hours per day, but his request was denied. Tuttle was terminated on January 8, 2010, and he filed a charge of age discrimination against SUSI on March 29, 2010. In October 2010, SUSI changed its name to IROL, Inc. He brought this litigation, alleging that he was the victim of unlawful age discrimination and retaliation. Defendants have filed a Motion for Summary Judgment, which is now fully briefed. This Order follows.

**STANDARD**

Summary judgment should be granted where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. In ruling on a motion for summary judgment, the Court must view the evidence on record in the light most favorable to the non-moving party. *SMS Demag Aktiengesellschaft v. Material Sciences Corp.*, 565 F.3d 365, 368 (7th Cir. 2009). All inferences reasonably drawn from the facts must be construed in favor of the non-movant. However, any doubt as to the existence of a genuine issue for trial is resolved

against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Cain v. Lane*, 857 F.2d 1139, 1142 (7th Cir. 1988); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009).

It is not the Court's function to scour the record in search of evidence to defeat a motion for summary judgment. The moving party has the responsibility of identifying portions of the record or affidavits that demonstrate the absence of a triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party may meet its burden of showing an absence of disputed material facts by demonstrating "that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. If the evidence on record could not lead a reasonable jury to find for the non-moving party, then no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *McClendon v. Indiana Sugars, Inc.*, 108 F.3d 789, 796 (7th Cir. 1997). At the summary judgment stage, however, the "court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts." *Washington v. Haupert*, 481 F.3d 543, 550 (7th Cir. 2007).

## DISCUSSION

**I.     Age Discrimination**

Under the Age Discrimination in Employment Act ("ADEA"), it is unlawful for any employer to "discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). This protection is available to individuals who are at least 40 years old. 29 U.S.C. § 631(a).

> To succeed on a discrimination claim under the ADEA, a plaintiff must show that [his] termination or other adverse employment action would not have occurred "but for" [his] employer's motive to discriminate on the basis of [his] age. The plaintiff may prove [his] case in one of two ways--through

>direct evidence or via the indirect burden shifting method of *McDonnell Douglas v. Green*.

*Vanasco v. National-Louis University*, 137 F.3d 962, 965 (7th Cir. 1998) (internal citations omitted).

"Under the direct method, the plaintiff may avoid summary judgment by presenting sufficient evidence, either direct or circumstantial, that the employer's discriminatory animus motivated an adverse employment action." *Coleman v. Donahoe*, 2012 WL 32062 at *5 (7th Cir. 2012). Direct evidence typically requires some sort of admission of the animus, the so-called "smoking gun" or a series of circumstantial evidence which establishes a discriminatory motive of the employer through a chain of inferences. *Mach v. Will County Sheriff*, 580 F.3d 495, 499 (7th Cir.2009); *See Jordan v. City of Gary Indiana*, 396 F.3d 825, 832 (7th Cir.2005)(referring to circumstantial evidence in this context as a "convincing mosaic").

Due to the inherent difficulty in proving discrimination with this method, the indirect method was introduced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). In order to establish a prima facie case of age discrimination under the burden-shifting method, a plaintiff must show that: (1) he was in the protected age group; (2) he was performing his job according to his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) similarly situated employees outside the protected class were treated more favorably. *Atanus v. Perry*, 520 F.3d 672-73 (7th Cir. March 17, 2008); *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142 (2000); *Hague v. Thompson Distribution Company*, 436 F.3d 816, 821 (7th Cir. 2006).

If the plaintiff establishes a prima facie case, there is a presumption of age discrimination, and the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for terminating his employment. *Chiaramonte v. Fashion Bed Group, Inc.*, 129 F.3d 391, 398 (7th Cir. 1997), *citing Anderson v. Baxter Healthcare Corp.*, 13 F.3d 1120, 1122 (7th Cir. 1994); *Sembos v.*

*Philips Components*, 376 F.3d 696, 702 (7th Cir. 2004). "Production of this legitimate nondiscriminatory reason rebuts this presumption of discrimination, shifting the burden back to the employee to show that the employer's stated reasons for its action are pretextual." *Chiaramonte*, 129 F.3d at 398 (internal citations omitted); *O'Connor v. DePaul University*, 123 F.3d 665, 671 (7th Cir. 1997). He may establish a pretext "by producing evidence that the proffered reason is false, either because it has no basis in fact or because it did not actually motivate [his] discharge." *Vanasco*, 137 F.3d at 965. In other words, the plaintiff must show "that a discriminatory reason more likely motivated the employer or that the employer's explanation is unworthy of credence." *Chiaramonte*, 129 F.3d at 398.

    A.    Defendant Voorhees

Initially, the Court notes that Tuttle has named Defendant Harold Voorhees in his individual capacity. Voorhees was the President of SUSI until its assets were purchased by Thrifty Retail Services, LLC in October 2010. He has never had any direct contact with Tuttle and was not named in his charge of discrimination. Generally, a party not named in a charge of discrimination cannot be sued, as inclusion in a charge of discrimination is a condition precedent to suit. *Komorowski v. Townline Mini-Mart and Restaurant*, 162 F.3d 962, 964 (7th Cir. 1988); *Perkins v. Silverstein*, 939 F.2d 463, 470-71 (7th Cir. 1991). Moreover, it is well-settled that the ADEA does not provide for individual liability. *Horwitz v. Board of Educ. Of Avoca School Dist. No. 37*, 260 F.3d 602, 610 (7th Cir. 2001); *Csoka v. United States Government*, 94 F.3d 647, 1996 WL 467654, at *5 (7th Cir. 1996). Accordingly, Defendant Voorhees is entitled to summary judgment in his favor.

B.  Defendant Thrifty Retail Services ("Thrifty")

Thrifty was not formed until September 2010, eight months after Tuttle's termination and five months after he filed his charge of discrimination. Thus, although Thrifty acquired the right to use the name Serv-U-Success when it acquired the company's assets on October 12, 2010, Thrifty had no affiliation with, control of, or ownership interest in Serv-U-Success at any time during Tuttle's employment. Likewise, Thrifty was not named in the charge of discrimination in this case. As a result, Thrifty is entitled to summary judgment on Tuttle's claims.

C.  Defendant IROL

There is no dispute that Tuttle is a member of a protected class in that he was over the age of 40 at all relevant times or that he suffered an adverse employment action. 29 U.S.C. § 631(a). However, IROL contends that Tuttle cannot succeed under the indirect method because he was not performing up to its expectations and cannot show similarly situated employees under the age of 40 who were treated more favorably.

IROL approaches this case as if Tuttle has no direct evidence of age discrimination. The Court respectfully disagrees.

> "Direct" proof of discrimination is not limited to near-admissions by the employer that its decisions were based on a proscribed criterion (e.g, "You're too old to work here."), but also includes circumstantial evidence which suggests discrimination through a longer chain of inferences.

*Kodish v. Oakbrook Terrace Fire Protection Dist.*, 604 F.3d 490, 501 (7th Cir. 2010).

Tuttle has submitted his own affidavit, as well as the affidavit of Robert Bly. Both affidavits state that on December 14, 2009, while Tuttle was receiving his third warning at the Meijer deli, Tuttle asked permission to work seven days a week or Sundays again; Rubick told him that he was "too old to work seven days." Tuttle indicates that this comment was repeated during his counseling

session on December 18, 2009. He was then fired by Rubick on January 8, 2010. Comments such as this may be probative of discrimination when they are "contemporaneous with the discharge or causally related to the discharge decision-making process." *Fleishman v. Continental Casualty Co.*, 698 F.3d 598, 605 (7th Cir. 2012).

The record indicates that the performance warnings were largely based on IROL's belief that Tuttle was not working enough hours each week. Tuttle responds that IROL has cherry-picked time cards from a period when he was not being allowed to work on Sundays, and that he consistently worked more than the required number of hours per week when he was allowed to work Sundays. Rubick's comments about Tuttle being too old to work seven days both happened in connection with disciplinary actions used to form the basis for his termination and which occurred within a few weeks of his termination. Finally, Tuttle was replaced by a substantially younger employee; at the time of his termination, Tuttle was just over a week shy of his 50th birthday, and his replacement was 19. *See Duncan v. Fleetwood Motor Homes of Indiana, Inc.,* 518 F.3d 486, 493 (7th Cir. 2008) (noting that the replacement of a plaintiff by someone substantially younger can be a "reliable indicator of age discrimination.")

IROL dismisses and attempts to distinguish the "too old" comments, and perhaps Rubick's statements could be construed in another, non-discriminatory manner. However, "finding meaning in ambiguous statements is the province of the jury." *Id., citing Phelan v. Cook County*, 463 F.3d 773, 782 (7th Cir. 2006). When construed in the light most favorable to Tuttle, the comments, timeline, and age of Tuttle's replacement could reasonably be construed as a convincing mosaic of evidence that his age was a but-for factor in Rubick's decisions regarding Tuttle's employment. IROL's Motion for Summary Judgment is therefore denied in this respect.

**II.     Retaliation**

The ADEA also prohibits employers from retaliating against employees who have participated in protected activity. 29 U.S.C. § 623(d). Like discrimination, retaliation may be shown through direct or indirect evidence. To prove retaliation under the direct method, Plaintiff must show: (1) he engaged in a statutorily protected activity; (2) he suffered an adverse employment action; and (3) a causal connection between the two. *Sitar v. Ind. Dep't of Transp.*, 344 F.3d 720, 728 (7th Cir. 2003). Retaliation may also be shown through the indirect, burden-shifting method, which requires proof that: (1) he engaged in a protected activity; (2) he suffered an adverse employment action; (3) he was meeting her employer's legitimate expectations; and (4) similarly situated employees who did not engage in the protected activity suffered no adverse employment action. *Squibb v. Mem. Med. Ctr.*, 497 F.3d 775, 788 (7th Cir. 2007).

Tuttle's retaliation claim appears to be based on his receipt of four emails purportedly sent from Rubick's personal email address in May 2011. The emails are vague, contain strange links to obscure website addresses, and border on incoherent; however, Tuttle construed them as threatening. While these emails arrived after Tuttle filed his charge of discrimination and was therefore engaged in protected activity, there is no corresponding adverse employment action, as the emails were sent more than a year after his termination. Accordingly, he cannot satisfy his prima facie case as a matter of law, and IROL is entitled to summary judgment on the retaliation claim.

## CONCLUSION

For the reasons set forth above, the Motion for Summary Judgment [81] is GRANTED IN PART AND DENIED IN PART. The Motion is granted as to Voorhees, granted as to Thrifty, and granted as to the retaliation claim against IROL; the Motion is denied as to the discrimination claim

against IROL. Voorhees and Thrifty are terminated as parties to this action, and the remaining claim against IROL is now ready for final pretrial conference.

ENTERED this 15th day of January, 2013.

                                             s/ James E. Shadid
                                             James E. Shadid
                                             Chief United States District Judge